## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**VICTORIA TANZI,**

     **Plaintiff,**

**vs.**                         **CASE NO.:**

**LOUIS VUITTON USA, INC., a**
**Foreign for Profit Corporation,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VICTORIA TANZI ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, LOUIS VUITTON USA, INC., ("Defendant") and in support thereof states as follows:

## INTRODUCTION

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. 2000e *et seq.* ("Title VII"), and also as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq.* ("FCRA"), and the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("FMLA") to recover front pay, back pay, liquidated damages, compensatory damages, emotional distress damages, damages for pain and suffering,

reinstatement, lost benefits, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

1.    Defendant, LOUIS VUITTON USA, INC. is a Foreign for Profit Corporation.   At all material times hereto, Defendant maintained an office in Orange County, Florida.

2.    Plaintiff is an adult individual who resides in Seminole County, Florida.

3.    Plaintiff was an employee as defined by the laws under which this action is brought.

4.    Defendant was an employer as defined by the laws under which this action is brought and employs greater than 50 employees within a 75 mile radius of Plaintiff's job site.

## JURISDICTION AND VENUE

5.    Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Title VII.  An express grant of federal court jurisdiction over these federal claims is found in Title VII at 42 U.S.C. §2000e-5(f)(3).  Jurisdiction over state law claims also arise under the Court's supplemental jurisdiction 28 U.S.C. § 1367.

6.     This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Orange County, Florida.

7.     The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Orange County, Florida.

## TITLE VII / PDA / FCRA STATUTORY PREREQUISITES

8.     Plaintiff is a female "person" who suffered discrimination based on her gender / pregnant condition.  As such she is a member of a class of individuals protected by Title VII, the PDA and the FCRA.

9.     Plaintiff was qualified for her position of employment.

10.    Plaintiff suffered an adverse effect upon her employment by being terminated by Defendant with the motivating or determinative factor used by Defendant in the decision making process being Plaintiff's gender and pregnancy.

11.    Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class.

12.    The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, the PDA and the FCRA.

13.    Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, the PDA and the FCRA.

14.    Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 18, 2020 which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct. Plaintiff was issued a right-to-sue letter by the EEOC on June 10, 2021.  Therefore this complaint is being filed within 90 days of receiving her right to sue letter.

15.    Accordingly, Plaintiff has completed all other Title VII, the PDA and the FCRA administrative requirements and all other prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

16.    Plaintiff was hired in or about November 2018 and worked for Defendant until her unlawful termination on April 30, 2020.

17.    During the span of Plaintiff's employment, she was never disciplined or received any type of counseling.

18.    Plaintiff was allegedly terminated due to COVID-19.

19.    In or about August 2019, Plaintiff was promoted from a Client Advisor to an Expert Client Advisor.

20.    In Plaintiff's store, there were a total of eighteen (18) Client Advisors, inclusive of the Expert Client Advisor positions.

21.    At the time of Plaintiff's termination, only two (2) employees were laid off due to COVID-19, including Plaintiff.

22.    The other employee that was laid off during that time was Anna Afansyeva.

23.    At the time that Plaintiff and Afansyeva were laid off, both Plaintiff and Ms. Afansyeva were the only two (2) pregnant females working at their store location.

24.    Both Plaintiff and Ms. Afansyeva were planning on taking FMLA for the birth of their child.

25.    Plaintiff was planning to start FMLA for her maternity leave on May 1, 2020.

26.    Plaintiff's child was born on May 7, 2020

27.    At the time of Plaintiff's termination, there was only one (1) other Expert Client Advisor in Plaintiff's store, Darrell Mayfield.

28.    Plaintiff's sales numbers exceeded Mr. Mayfield's sales numbers for 2019 as well as the first two months of 2020 before COVID began.

29.    Mr. Mayfield was not terminated.

30.    At the time of her termination, Plaintiff was offered a severance package in exchange for a release of any and all legal claims she may have had against Defendant.  Plaintiff refused to sign the agreement.

31.    At one point, after Plaintiff had been terminated, a coworker notified her that the former coworker asked the store manager if Defendant would re-hire Plaintiff. The store manager responded that Plaintiff "was happy being a stay at home mom."

## COUNT I
## <u>GENDER DISCRIMINATION UNDER TITLE VII</u>

32.     Plaintiff re-alleges and adopts paragraph 1 – 31 as though set forth fully herein.

33.     Plaintiff's gender was a basis for Defendant's decision to terminate Plaintiff.

34.     Defendant has, with malice or reckless indifference, violated the dictates of Title VII by intentionally discriminating against Plaintiff because of her gender. Specifically, Defendant chose to terminate Plaintiff instead of the other Expert Client Advisor, Mr. Mayfield, a male, despite Plaintiff's superior sales numbers.

35.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits and/or lost earning capacity;

d.  Compensatory damages for emotional pain and suffering;

e.  Punitive Damages;

f.  Injunctive relief;

g.  Prejudgment interest;

    h.  Costs and attorney's fees; and

    i.  Such other relief as the Court may deem just and proper.

**COUNT II**
**GENDER DISCRIMINATION UNDER THE FCRA**

36.   Plaintiff re-alleges and adopts paragraph 1 – 31 as though set forth fully herein.

37.   Plaintiff's gender was a basis for Defendant's decision to terminate Plaintiff.

38.   Defendant has, with malice or reckless indifference, violated the dictates of Title VII by intentionally discriminating against Plaintiff because of her gender. Specifically, Defendant chose to terminate Plaintiff instead of the other Expert Client Advisor, Mr. Mayfield, a male, despite Plaintiff's superior sales numbers.

39.   As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

      **WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

    c.  Front pay and benefits and/or lost earning capacity;

    d.  Compensatory damages for emotional pain and suffering;

    e.  Punitive Damages;

f.  Injunctive relief;

g.  Prejudgment interest;

h.  Costs and attorney's fees; and

i.  Such other relief as the Court may deem just and proper.

## COUNT III
## PREGNANCY DISCRIMINATION UNDER THE PDA

40.    Plaintiff realleges and adopts the allegations of paragraphs 1-31 above as if fully set forth herein.

41.    Plaintiff's pregnancy was a basis for Defendant's decision to terminate Plaintiff.

42.    Defendant has, with malice or reckless indifference, violated the dictates of the PDA by intentionally discriminating against Plaintiff because of her pregnancy. Specifically, Defendant terminated only two persons allegedly due to COVID and both persons terminated were pregnant and were the only two persons who were pregnant at the time of termination.

43.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

    c.  Front pay and benefits and/or lost earning capacity;

    d.  Compensatory damages for emotional pain and suffering;

    e.  Punitive Damages;

    f.  Injunctive relief;

    g.  Prejudgment interest;

    h.  Costs and attorney's fees; and

    i.  Such other relief as the Court may deem just and proper.

## COUNT IV
## PREGNANCY DISCRIMINATION UNDER THE FCRA

44.    Plaintiff realleges and adopts the allegations of paragraphs 1-31 above as if fully set forth herein.

45.    Plaintiff's pregnancy was a basis for Defendant's decision to terminate Plaintiff.

46.    Defendant has, with malice or reckless indifference, violated the dictates of the PDA by intentionally discriminating against Plaintiff because of her pregnancy. Specifically, Defendant terminated only two persons allegedly due to COVID and both persons terminated were pregnant and were the only two persons who were pregnant at the time of termination.

47.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits,

distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and benefits and/or lost earning capacity;

d.  Compensatory damages for emotional pain and suffering;

e.  Punitive Damages;

f.  Injunctive relief;

g.  Prejudgment interest;

h.  Costs and attorney's fees; and

i.  Such other relief as the Court may deem just and proper.

## COUNT V
## FMLA INTERFERENCE

48.    Plaintiff realleges and adopts the allegations of paragraphs 1-31 above as if fully set forth herein.

49.    Defendant knew of Plaintiff's need for FMLA leave for reasons which would have qualified her for protected leave under the FMLA, and had already approved her for FMLA leave, but then terminated Plaintiff one day before her FMLA leave was to begin.

50.   As a result of Defendant's intentional, willful, and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

51.   Because Defendant cannot show that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

52.   Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

   **WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a.  Back pay and benefits;

   b.  Interest on back pay and benefits;

   c.  Front pay and future benefits;

   d.  Liquidated Damages;

   e.  Attorneys' fees and costs, and

   f.  For such other relief this Court deem just and equitable.

### COUNT VI
### <u>FMLA RETALIATION</u>

53.   Plaintiff realleges and adopts the allegations of paragraphs 1-31 above as if fully set forth herein.

54.   Defendant knew of Plaintiff's need for FMLA leave for reasons which

would have qualified her for protected leave under the FMLA, and had already approved her for FMLA leave, but then terminated Plaintiff one day before her FMLA leave was to begin.

55.   Defendant retaliated against Plaintiff when it terminated her the day before her FMLA leave was to begin.

56.   Defendant acted with the intent to retaliate against Plaintiff due to her scheduled FMLA leave.

57.   As a result of Defendant's intentional, willful, and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

58.    Because Defendant cannot show that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

59.   Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay and future benefits;

d.  Liquidated Damages;

e.  Compensatory damages for emotional pain and suffering;

f.  Attorneys' fees and costs, and

g.  For such other relief this Court deem just and equitable.

## **JURY TRIAL DEMAND**

PLAINTIFF hereby demands a jury trial for all issues.


DATED this <u>13</u><sup>th</sup> day of August 2021.


**MORGAN & MORGAN, P.A.**

**/s/ James J. Henson**
JAMES J. HENSON, ESQ.
Fla. Bar No. 0077476
Morgan & Morgan, P.A.
20 North Orange Avenue, 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Tel.: (407) 428-6241
Fax: (407) 245-3342
Email:  jjhenson@forthepeople.com
ssiagel@forthepeople.com
*Attorney for Plaintiff*